IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANIXA SANTIAGO | : | CIVIL ACTION |
| | : | NO. 14-4240 |
| v. | : | |
| | : | |
| A.R. RESOURCES, INC. | : | |

O'NEILL, J.                                                                                          February 26, 2015

## MEMORANDUM

Plaintiff Janixa Santiago asserts a claim against defendant AR Resources, Inc. for an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, et seq.  Now before me is defendant's motion for summary judgment, Dkt. No. 30, plaintiff's response and brief in response thereto, Dkt. Nos. 33 and 36, and defendant's reply.  Dkt. No. 37.  For the reasons that follow, I will grant defendant's motion.

## BACKGROUND

Plaintiff claims that a letter that she received from defendant dated May 21, 2014 "was deceptive, confusing, and misleading to the least sophisticated customer" because it bore the heading "***AUDIT NOTICE***" Dkt. No. 26 at ¶ 12.  The letter, sent on defendant's letterhead bears the subject line "Re:  HOLY REDEEMER HOSPITAL PHYS., ECW" and on the following line states:  "Balance Due $184.00."  Dkt. No. 36-1.  The body of the letter explains that "[a] recent audit of our client's records indicate an outstanding balance of $184.00.  They believe this was an oversight and not an intentional nonpayment.  Please send payment in full of $184.00 or make arrangements directly with" defendant.  Id.  The letter explains how payments may be made online or by credit card and explains in the middle of the page in bold text that it "is an attempt to collect a debt."  Id.

Santiago testified at her November 20, 2014 deposition that she did not receive the letter

from ARR.  See Dkt. No. 30-4 at 27:2-8 ("Q.  Did you receive this letter?  A.  Nope.").  Santiago testified that the first time she saw the letter in question was "a couple days" prior to her deposition when the letter was provided to her lawyer.  See id. at 51:2-12.  Plaintiff contends, however, "that due to a disability, [she] has problems with her memory."  Dkt. No. 33 at ECF p. 1.  In support of her contention she submits testimony from her deposition wherein she explained that she could not remember whether she had provided a phone number to an entity known as "Deeney & Associates" and that "I do have loss of memory . . . from my condition."  Dkt. No. 33-3 at ECF p. 2.  Plaintiff does not identify her claimed condition.

Plaintiff explains that "when she read the letter a few days before the deposition," Dkt. No. 36 at ECF p. 3,

> seeing that audit notice, it felt like kind of like a harassment. . . . Because you're getting an audit notice.  . . . Isn't that basically a term saying that someone is going to basically, like, go into your financial records and investigate? . . . And then it says in the bottom you have 30 days to dispute it.  I mean, it's kind of confusing.  So I have 30 days to dispute it, but then it says an audit on top. . . . So when I seen this [sic], it just made me feel like I was being a little like harassed by someone that's going to sit there and investigate my financial records because I can't make a payment of $184.

Dkt. No 36-4 (Santiago Dep.) at 50:15-51:18.

## STANDARD OF REVIEW

Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The party moving for summary judgment bears the burden of demonstrating that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex, 477 U.S. at 322-23.  If the movant sustains its burden,

the nonmovant must set forth facts demonstrating the existence of a genuine dispute.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  A fact is "material" if it might affect the outcome of the case under governing law.  Id.

> To establish "that a fact cannot be or is genuinely disputed," a party must:
>
> > (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

## DISCUSSION

Even if plaintiff's testimony regarding her "loss of memory" is sufficient to raise a material question of fact regarding whether or not she received defendant's letter, I find that summary judgment is warranted in defendant's favor because, as a matter of law, the letter does not violate the FDCPA.

Plaintiff claims that defendant violated 15 U.S.C. § 1692e, which provides that a "debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e specifically enumerates sixteen subcategories of prohibited conduct. Id. Prohibited conduct includes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Id. § 1692(e)(5). Plaintiff's complaint relies generally on section 1692e without referencing any specific subsection. Dkt. No. 26 at ¶¶ 7-14. Defendant contends that the inclusion of the terms "***AUDIT NOTICE***" on the letter "would not constitute a violation of any subsection of 15 U.S.C. § 1692e(1)-(16)." Dkt. No. 30-2 at ECF p. 6. Plaintiff counters that

> [m]ost people associate the word "audit" with official government action from the Internal Revenue Service or other government entity, and therefore Defendant's strategy of placing all capitalized words, with asterisks at either of the side, at the top-center of the page, which read "***AUDIT NOTICE***" would be likely to confuse or deceive the least sophisticated consumer.

Dkt. No. 36 at ECF p. 3.[1]

Plaintiff's claim under § 1692e "should be analyzed from the perspective of the 'least

---

[1] In her response to defendant's motion, plaintiff contends that summary judgment is premature and that "whether the letter was deceptive is a question to be answered by the jury or other fact finder in this case." Dkt. No. 36 at ECF p. 5. Plaintiff provides no legal authority to support her contention and I disagree with her position. Consistent with other decisions in this circuit, I find that I may determine as a matter of law whether, applying the least sophisticated consumer standard, defendant's letter was deceptive under § 1692e. See Kryluk v. Northland Grp., Inc., No. 14-3198, 2014 WL 6676728, at *4 (E.D. Pa. Nov. 25, 2014) ("application of the least sophisticated consumer standard to § 1692e is a question of law"); Jarzyna v. Home Properties, L.P., 763 F. Supp. 2d 742, 748 (E.D. Pa. 2011) ("Whether the letter meets the 'least sophisticated debtor' standard is a question of law.") (citation omitted); Lesher v. Law Office of Mitchell N. Kay, P.C., 724 F. Supp. 2d 503, 506 (M.D. Pa. 2010) (citation omitted) ("Whether a communication is false and misleading under the Fair Debt Collection Practices Act is a question of law."); Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07-5139, 2008 WL 2885887, at *3 (D.N.J.2008) ("Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion.") (citations omitted).

sophisticated debtor.'" Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006), quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  This is a lower standard than "'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Brown, 464 F.3d at 454, quoting Quadramed, 225 F.3d at 354.  But while "this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Quadramed, 225 F.3d at 354-55 (3d Cir. 2000) (citations and internal quotation omitted); see also Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008) ("Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant.  Even the least sophisticated debtor is bound to read collection notices in their entirety.").

"The flaw in [plaintiff's] argument is that she hones in on one particular part of the letter, rather than considering it in its entirety." Adams v. J.C. Christensen & Associates, Inc., 777 F. Supp. 2d 1193, 1196 (D. Minn. 2011).  Reading defendant's letter in its entirety, it is clear that the audit referred to in the heading was an audit of defendant's client, identified in the subject line as "HOLY REDEEMER HOSPITAL PHYS., ECW." Dkt. No. 36-1.  Defendant's letter is not deceptive as it cannot "be reasonably read to have two or more different meanings, one of which is inaccurate." Campuzano-Burgos, 550 F.3d at 298.  Nowhere in the letter does defendant make any statement which could be interpreted to suggest that plaintiff would herself be subjected to an audit as a result of her failure to pay the $184.00 at issue.  Rather, the letter clearly states that it was defendant's client's records which were audited.  Dkt. No. 36-1.

Plaintiff's testimony to the contrary, after reading not just the letter's heading, but also the rest of its text, even the least sophisticated debtor could not read the letter to mean that it was a notice that the recipient would be audited.  See Adams, 777 F. Supp. 2d at 1196 ("Here, the term 'Legal Review' in the letter's heading did not render the letter false or misleading, because the remainder of the letter made clear that no attorney review had actually occurred."); cf. Johnson v. NCB Collection Servs., 799 F. Supp. 1298, 1306 (D. Conn. 1992) (finding no violation of the FDCPA where "Revenue Department" was listed in the return address).  I will grant summary judgment in favor of defendant and against plaintiff.

Because I find that summary judgment is warranted in defendant's favor, plaintiff's motion to compel defendant to provide more full and complete responses to plaintiff's discovery requests, Dkt. No. 35, and defendant's motion for a protective order, Dkt. No. 38, will be denied as moot.

An appropriate Order follows.